Weng v. Garland

BIA
Conroy, IJ
A206 562 854

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> STEVEN J. MENASHI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

JING JING WENG,
> *Petitioner,*

v.                                                          **22-6410**
                                                            **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**  Troy Nader Moslemi, Esq., Flushing, NY.

**FOR RESPONDENT:**  Brian Boynton, Principal Deputy Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Jing Jing Weng, a native and citizen of the People's Republic of China, seeks review of an August 2, 2022, decision of the BIA affirming a February 12, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum as time-barred.  *In re Jing Jing Weng*, No. A 206 562 854 (B.I.A. Aug. 2, 2022), *aff'g* No. A 206 562 854 (Immig. Ct. N.Y. City Feb. 12, 2019).   We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).   Except in the case of changed or extraordinary circumstances not alleged here, an asylum applicant has the burden to "demonstrate[] by clear and convincing evidence that [her] application has been

2

filed within 1 year after the date of [her] arrival in the United States." 8 U.S.C. § 1158(a)(2)(B), (D).

Our jurisdiction to review the agency's determination that an asylum application was untimely is limited to constitutional claims and questions of law. *Id.* §§ 1158(a)(3), 1252(a)(2)(D); *see Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 324 (2d Cir. 2006); *see also id.* at 329 (explaining that we consider the substance of a petitioner's argument to determine jurisdiction, and that we lack jurisdiction over arguments that "merely quarrel[] over the correctness of the factual findings or justification for the discretionary choices"). For jurisdiction to attach, the constitutional claim or question of law must be "colorable." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40–41 (2d Cir. 2008). We review such claims de novo. *See Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020).

Because it is undisputed that Weng applied for asylum on April 4, 2014, she had to establish that she arrived on or after April 4, 2013. Weng argues that the agency denied her a fair opportunity to present her claim that she arrived in the United States on April 7, 2013. To prevail on a due process claim, a petitioner "must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness," *Burger v.*

3

*Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted), and she must show "some cognizable prejudice fairly attributable to" the alleged violation, *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (quotation marks omitted). Weng has not raised a colorable due process claim over which we have jurisdiction.

Weng first challenges the IJ's decision not to admit a translation of a Honduran stamp on her passport and asserts that it was unfair not to consider the stamp because the translation was only one day late, the stamp was comprehensible even without a translation, and the rejection of this evidence affected or potentially affected the outcome. As the Government points out, however, Weng's brief to the BIA did not argue that the IJ should have accepted this evidence; thus, any challenge to the exclusion of the evidence is unexhausted. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (explaining that issue exhaustion is "mandatory" when raised by the Government). Even assuming exhaustion, Weng has not raised a colorable due process claim: the IJ has discretionary authority to set and enforce evidentiary deadlines, and that is particularly the case where, as here, Weng did not move for leave to file late or advance an argument that there was good cause for the late filing. *See* 8 C.F.R.

4

§ 1003.31(c)[1]; *Dedji v. Mukasey*, 525 F.3d 187, 192 (2d Cir. 2008) (recognizing IJ's discretionary authority to depart from filing deadlines set by local rules when the applicant "has demonstrated good cause for the failure to timely file documents and a likelihood of substantial prejudice from enforcement of the deadline"). While the untranslated stamp was timely filed, foreign-language documents presented to the agency must be accompanied by an English translation and a certification from the translator. *See* 8 C.F.R. § 1003.33. And as to prejudice, the stamp does not establish Weng's entry date: if credited, it places her in Honduras on March 19, 2013, but her application would still be untimely if she arrived in the United States at any point between that date and April 3, 2013.

Weng next argues that the agency erred in giving limited weight to a letter from her aunt, and relying on the absence of testimony from her aunt without alerting her that such testimony was necessary. But the weight placed on evidence is a matter "largely" within the agency's discretion. *Xiao Ji Chen*, 471 F.3d at 342; *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's

---

[1] We refer to the regulation in place at the time of the IJ's decision. The provision is currently found at 8 C.F.R. § 1003.31(h).

documentary evidence"). And Weng had the burden to demonstrate that her application was timely. 8 U.S.C. § 1158(a)(2)(B). She gave the IJ notice that she might call her aunt as a witness on the timeliness issue, and a friend from her church on other issues. At the hearing, the IJ stated that the church witness was unnecessary because there was sufficient evidence of church participation. But the IJ did not bar her aunt's testimony or state that the one-year issue had been resolved in Weng's favor, and Weng, who was represented by counsel, never attempted to call her aunt. Accordingly, the failure to call her aunt is not attributable to the IJ, but to counsel; and Weng has not asserted an ineffective assistance of counsel claim. *See Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018) (an applicant "bears the ultimate burden of introducing [corroborating] evidence without prompting from the IJ" (quotation marks omitted)). Moreover, Weng has not established prejudice because her aunt's letter states that Weng telephoned her from the United States on April 12, 2013 (i.e., five days after her alleged arrival), but does not directly corroborate Weng's entry date.

Weng's remaining arguments relate to the exclusion of evidence relevant to the likelihood of religious persecution. Those arguments are misplaced because

the sole basis for the agency's denial of asylum (the only form of relief at issue before the BIA) was Weng's failure to establish that her application was timely.

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court